[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10084
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00107-CR-ORL-28UAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVAN MOUNIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 14, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Evan Mounier appeals his conviction for conspiracy to possess with intent to

distribute five or more kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846. On appeal, Mounier argues that, although he did not raise the issue below, the district court failed in its duty to inquire into a potential conflict of interest, when an actual conflict of interest existed regarding defense counsel. Mounier contends that Matthew DePrim, an attorney who initially represented Mounier in state court and his codefendant, Miguel Antonio Montes, in federal court, continued to represent Montes, even though Mounier did not waive the conflict of interest, which resulted in a violation of Mounier's Sixth Amendment rights. He contends that prejudice is presumed because there was an actual conflict of interest, as both he and Montes were trying to reduce their sentences at the expense of the other, and, as a result of the conflict, Mounier's sentence was higher because of information given to the government by Montes.

"Where a constitutional right to counsel exists, [the Supreme Court's] Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981). The Supreme Court has held that, "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708,

2

1718, 64 L.Ed.2d 333 (1980).  While "a defendant who shows that a conflict of interest actually affected his representation need not demonstrate prejudice in order to obtain relief," he is not entitled to relief unless he shows both: (1) an actual conflict; and (2) an adverse affect.  United States v. Novaton, 271 F.3d 968, 1010 (11th Cir. 2001).  "An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests,'" however, "a speculative or merely hypothetical conflict of interest does not yield a Sixth Amendment violation."  Id. at 1010-11 (quotations omitted).  To prove an adverse effect, the defendant must show that: (1) the defense attorney could have pursued a plausible alternative strategy; (2) this alternative strategy was reasonable; and (3) the alternative strategy was not followed because it conflicted with the attorney's external loyalties.  Id.

Upon review of the record and the parties' briefs, we discern no reversible error.  Based on the evidence in the record, it is unclear whether or not an "actual conflict" of interest arose.  While DePrim represented Mounier, prior to the indictment, for less than a month, and represented Montes for one month, he withdrew as counsel for Montes almost three months prior to Montes's guilty plea.  However, even assuming that an actual conflict of interest existed, Mounier cannot show that his attorney's performance was adversely affected by the conflict.  Because DePrim stopped representing Mounier prior to the federal indictment, and

3

stopped representing Montes prior to his guilty plea, DePrim did not have the opportunity to put Montes's interests above those of Mounier. Moreover, the DEA agent's testimony, that Mounier was part of the drug conspiracy, was not based solely on conversations with Montes, but was based also on: (1) conversations with multiple codefendants; (2) DEA surveillance footage; and (3) numerous telephone conversations between Mounier and Montes. Although Mounier's sentence may have been higher because of information provided by Montes, as the main target of the DEA's investigation, Mounier has not shown a link between DePrim's brief representation of Montes at the beginning of the proceedings, and the information provided to the government by Montes subsequent to entering his guilty plea. In any event, Mounier failed to prove an adverse effect because he did not show that his attorney could have pursued a reasonable alternative strategy, but did not do so because it conflicted with his representation of Montes. Thus, no Sixth Amendment violation was shown.

**AFFIRMED**

4